IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **FROSTED APPLE, LLC, et al.,** | * | |
| **Plaintiffs,** | * | |
| v. | * | **Civ. No. JKB-22-1128** |
| **COASTAL LABORATORIES, INC., et al.,** | * | |
| | * | |
| **Defendants.** | * | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion to Seal Complaint. (ECF No. 2.) Plaintiffs seek that the Complaint be sealed in its entirety. (*Id.*) The Motion will be denied.

Plaintiffs explain that the Complaint "refer[s] to information and documents that Defendant Coastal Laboratories, Inc. has designated as 'CONFIDENTIAL' pursuant to" a confidentiality order entered by the Circuit Court for Anne Arundel County. (*Id.* at ¶ 1–4.) Plaintiffs further explain that "considering the breadth of the confidentiality designations between these parties . . . and the need for the Court and other parties to understand the nature of this action, there is no reasonable alternative to sealing that would provide sufficient protection to the designated confidential information." (*Id.* at ¶ 6.) Plaintiffs' Motion is unopposed, but that does not foreclose this Court's obligation to assess the propriety of Plaintiffs' request. *See Solomon v. Kess-Lewis*, Civ. No. PWG-13-1952, 2013 WL 4760982, at *1 (D. Md. Sept. 3, 2013) ("The motion [to seal] is unopposed, but that does not dispense of this Court's obligation to conduct a review under Local Rule 105.11.").

There is a "presumption of access accorded to judicial records" that can only be rebutted if "countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker*

*Magazine*, 846 F.2d 249, 253 (4th Cir. 1988) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). "The public's right of access to judicial records and documents may be abrogated only in unusual circumstances." *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988); *see also Rushford*, 846 F.2d at 253 ("The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.") Further, Local Rule 105.11 provides that "[a]ny motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection."

Here, Plaintiffs seek that the Court seal the entirety of their Complaint due to the existence of a confidentiality order. While the existence of a confidentiality order may merit sealing portions of the Complaint, Plaintiffs' request that the Court seal the entirety of the Complaint is overbroad. Plaintiffs do not explain why an alternative, such as redacting portions of the Complaint, does not provide sufficient protection.

Accordingly it is ORDERED that:

1. Plaintiffs' Motion to Seal Complaint (ECF No. 2) is DENIED WITHOUT PREJUDICE; and

2. On or before November 2, 2022, Plaintiffs shall submit their detailed, renewed motion to seal the entire Complaint, together with supporting authority, or they shall withdraw the Complaint and submit a new version containing proposed sealed redactions, together with authority therefore. Should Plaintiffs not act by November 2, 2022, the Complaint will be unsealed.

DATED this __18__ day of October, 2022.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge