IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **FROSTED APPLE, LLC, et al.,** | * | |
| **Plaintiffs,** | * | |
| v. | * | Civ. No. JKB-22-1128 |
| **COASTAL LABORATORIES, INC., et al.,** | * | |
| | * | |
| **Defendants.** | * | |

## MEMORANDUM AND ORDER

This case was initially assigned to the undersigned. The Plaintiffs brought various claims against Defendants Coastal Laboratories, Inc. (Delaware), Coastal Laboratories, Inc. (Maryland), Patrick Britton-Harr, AMSOnSite, Inc, Britton-Harr Enterprises, Inc., Coastal Management Group, and G. Ellsworth Harris. All Defendants filed Answers to the Complaint. (ECF Nos. 8, 17.) Then, upon consent of all then-appearing Parties, the case was assigned to a Magistrate Judge for all proceedings. (*See* ECF Nos. 28–32.) A Scheduling Order was entered (ECF No. 43) and has been modified twice (ECF Nos. 58, 115).

Plaintiffs filed an Amended Complaint, which added the following Defendants: Tombstone Holdings, LLC, Tracy Deckman, AeroVanti, Inc., AeroVanti Aviation, LLC, and AeroVanti Hangar, LLC. (ECF No. 65.) Of the five newly-added Defendants, only Tracy Deckman filed an Answer. (ECF No. 96.) Therefore, Plaintiffs sought and obtained a Clerk's Entry of Default against the other four newly added Defendants. (ECF Nos. 81–87, 93–95.)

The original Defendants all filed Answers to the Amended Complaint. (ECF Nos. 72, 73.) However, counsel for these Defendants, other than G. Ellsworth Harris, filed a motion to withdraw

as counsel, which the Court granted. (*See* ECF Nos. 70, 89.) New counsel has not entered its appearance. The Defendants that are corporate entities are not permitted to proceed without counsel. *See* Local Rule 101.1 ("All parties other than individuals must be represented by counsel."). Patrick Britton-Harr, an individual, is permitted to proceed pro se under the Court's Local Rules. Therefore, Plaintiffs sought and were granted a default against corporate Defendants Coastal Laboratories, Inc. (Delaware), Coastal Laboratories, Inc. (Maryland), Britton-Harr Enterprises, Inc., AMSOnSite, Inc., and Coastal Management Group. (ECF Nos. 104–112, 121–123.)[1]

Below is the Court's understanding of the status of each of the Defendants:

- Coastal Laboratories, Inc. (Delaware); Coastal Laboratories, Inc. (Maryland); AMSOnSite, Inc.; Britton-Harr Enterprises, Inc.; and Coastal Management Group:

    o These Defendants were named in the Complaint and the Amended Complaint, and filed Answers to both. The Clerk entered defaults against these Defendants, given their non-represented corporate status.

- Patrick Britton-Harr

    o This Defendant was named in both the Complaint and the Amended Complaint, and filed Answers to both. This Defendant now proceeds pro se and is not in default.

- G. Ellsworth Harris

    o This Defendant was named in both the Complaint and the Amended Complaint, and filed Answers to both. This Defendant is represented by counsel and is not in default.

- Tombstone Holdings, LLC; AeroVanti, Inc.; AeroVanti Aviation, LLC; and AeroVanti Hangar, LLC

    o These Defendants were named in the Amended Complaint only, and did not

---

[1] Local Rule 101.2(b) provides that "[i]n the event that within thirty (30) days of the filing of the motion to withdraw, new counsel has not entered an appearance, the Court may take such action, if any, that it deems appropriate, including granting the motion to withdraw and dismissing any affirmative claim for relief asserted by the party and/or directing the party to show cause why a default should not be entered on claims asserted against it." It does not appear that these Defendants were permitted the opportunity to show cause prior to the defaults being entered. Plaintiff will be directed to show cause why the defaults against those defendants should not be vacated.

>file any responsive pleading. The Clerk has entered defaults against these Defendants.

- Tracy Deckman
    - o This Defendant was named in the Amended Complaint only, and filed an Answer. This Defendant is represented by counsel and is not in default.

This case was recently reassigned to the undersigned. While the parties have litigated issues relating to sealing and discovery, there are currently no pending motions on the docket. A settlement conference is scheduled for March 8, 2024. (ECF No. 124.) This case has been pending since October 2022, and the Court is eager to move this matter toward resolution.

Accordingly, it is ORDERED that:

1. Plaintiffs and the non-defaulted Defendants SHALL FILE A JOINT STATUS REPORT by February 20, 2024 detailing:

    a. Whether there are any pending matters that require resolution, a description of those issues, and any appropriate citations to the docket;

    b. Any corrections to the Court's above summary of the matter; and

    c. Any other matters of which the Court should be aware.

2. Plaintiffs shall SHOW CAUSE by February 20, 2024 why the Defaults against Coastal Laboratories, Inc. (Delaware), Coastal Laboratories, Inc. (Maryland), AMSOnSite, Inc., Britton-Harr Enterprises, Inc., and Coastal Management Group should not be vacated given that it does not appear that those Defendants were provided the opportunity to show cause why a default should not be entered against them.

3. For those Defendants against which a default has been entered by the Clerk, Plaintiff is DIRECTED to file and to serve by mail a motion for default judgment pursuant to Federal Rule of Civil Procedure 55, or provide a report as to why such

motion would be inappropriate, by February 20, 2024. Failure to act may result in dismissal of all claims against those Defendants.

DATED this **31** day of January, 2024.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge