IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FROSTED APPLE, LLC, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civ. No. JKB-22-1128 |
| COASTAL LABORATORIES, INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion to Modify Scheduling Order. (ECF No. 140.) The Court will deny the Motion without prejudice and direct further action in this case.

In their Motion, Plaintiffs explain that there is a pending Motion for Default Judgment as to Defendants Coastal Laboratories, Inc. (Delaware); Coastal Laboratories, Inc. (Maryland); AMSOnSite, Inc.; Britton-Harr Enterprises, Inc.; Coastal Management Group; Tombstone Holdings, LLC; AeroVanti, Inc.; AeroVanti Aviation, LLC; and AeroVanti Hangar, LLC (the "Entity Defendants"). (ECF No. 140 at 1.) They also explain that there are two other remaining Defendants in this case: Patrick Britton-Harr and Tracy Deckman (the "Individual Defendants"). (*Id.* at 2.)

Plaintiffs state that, should the Court grant the pending Motion for Default Judgment against the Entity Defendants, Plaintiffs likely will not require expert testimony or reports, as Plaintiffs do not believe they need such evidence to prove their claims against the Individual Defendants. (*Id.*) However, Plaintiffs assert, if the Court denies the pending Motion for Default Judgment, they may need expert testimony to prove their claims against the Entity Defendants. (*Id.*) Plaintiffs therefore "request that the Scheduling Order be modified to permit sufficient time

for the Court to consider and rule on the outstanding Motion." (*Id.*)

As an initial matter, the Court generally does not—and in certain situations cannot—rule on motions seeking default judgment against certain defendants when additional defendants remain in the case. As this Court has explained, "[a]lthough it is an old case, *Frow v. De La Vega*, 82 U.S. 552 (1872), remains the leading authority on the effect that a default judgment against one defendant should have on non-defaulting defendants." *Boyd v. SFS Commc'ns, LLC*, Civ. No. 15-3068 PJM, 2021 WL 1430723, at *3 (D. Md. Apr. 15, 2021) (explaining that "[i]n *Frow*, the Supreme Court held that a court may not enter final judgment on the merits separately against one of several defendants upon a joint charge against all, where the case is still pending as to the others." (quotation marks omitted)). Further, "although other jurisdictions have cabined *Frow* to cases involving true joint liability, courts within the Fourth Circuit have adopted a broader approach, denying default judgment where the defendants' liability is premised on the same facts or causes of action." *Grim v. Balt. Police Dep't*, Civ. No. ELH-18-3864, 2019 WL 5865561, at *30 (D. Md. Nov. 8, 2019). Courts within this district deny as premature motions for default judgment when the claims against the defaulting and non-defaulting defendants "substantially overlap." *Id.*

Here, the claims against the Individual Defendants and the Entity Defendants substantially overlap such that resolution of the Motion for Default Judgment against the Entity Defendants would be inappropriate at this time. For instance, Plaintiffs allege that the Individual Defendants were "alter egos" of the Entity Defendants. (*See generally* ECF No. 103.) Accordingly, Plaintiffs' Motion for Default Judgment will be denied as premature, without prejudice to refiling at the appropriate time and in accordance with this Memorandum and Order.

Further, Plaintiffs explain that the Individual Defendants, who were previously represented

by counsel and who filed Answers in this matter (ECF Nos. 73, 96), "have thus far failed to participate in this action in any manner since their respective counsel withdrew." (ECF No. 140 at 2.) It is possible that in such a circumstance default may be appropriate, although the caselaw appears to be limited. *See S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005) (concluding that default judgment is appropriate when defendant is "unresponsive for more than a year" after denial of motion to dismiss). However, Plaintiffs have not briefed the issue. Plaintiffs will therefore be directed to either move for entry of default against the Individual Defendants—with citation to the Court's authority to do so after a party has answered—or else explain why entry of default is not appropriate at this time.[1] If and when the Clerk has entered defaults against *all* Defendants and the time for vacating those defaults has expired, Plaintiffs may file an appropriate Motion for Default Judgment.

Accordingly, it is ORDERED that:

1. Plaintiffs' Motion to Modify Scheduling Order (ECF No. 140) is DENIED WITHOUT PREJUDICE;

2. Plaintiffs' Motion for Default Judgment (ECF No. 134) is DENIED WITHOUT PREJUDICE; and

3. Plaintiffs are DIRECTED to file a motion for Clerk's entry of default against the Individual Defendants or to explain why such motion would be inappropriate—with citation to authority—by September 2, 2024.

---

[1] Plaintiffs also suggest in their Motion that they may not proceed with their claims against the Individual Defendants. (ECF No. 140 ("In the event that the Motion is granted and Plaintiffs *elect to proceed* against the *pro se* Defendants . . ." (emphasis added).) To the extent Plaintiffs seek to dismiss the Individual Defendants, they may do so by filing an appropriate Motion.

DATED this ___7___ day of August, 2024.

BY THE COURT:

_____
James K. Bredar
United States District Judge
